Barbara  Keenan Deputy clerk

US District Court Western district

Newark Hotels Inc

July 17, 2020



Deborah Laufer Plaintiff

v

Newark Hotels Inc

20-CV-6213

Dear Ms Keenan

I was sent the enclosed Default notice.

I'm confused . I promptly answered the Plaintiff's complaint  (within 20 days) and received the enclosed acknowledgement.

I have enclosed a copy of the Answer and would appreciate knowing what I have  to do to remove the default.

Thank you for any assistance you can provide.

David Scheer

President

Newark hotels Inc

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

Deborah Laufer,

Plaintiff,

v.                                                                    20-CV-6213

Newark Hotels, Inc.,

Defendant(s).

_____

## CLERK'S ENTRY OF DEFAULT

It appearing that Defendant

Newark Hotels, Inc.,

is in Default for failure to appear or otherwise defend as required by law, Default is hereby entered as against said defendants on this day of July 7, 2020.

MARY C. LOEWENGUTH
Clerk of Court
United States District Court

By: s/Barbara Keenan
Deputy Clerk

  *Ex 1*

Newark GardenHotel <gardenhotelnewark@gmail.com>

## 3388- Laufer v. Newark Hotels, Inc.

1 message

**Tristan Gillespie** <gillespie.tristan@gmail.com>                     Mon, May 11, 2020 at 10:12 AM
To: gardenhotelnewark@gmail.com, Thomas Bacon <tbb@thomasbaconlaw.com>

Dear Mr. Scheer,

Thank you for your Answer to the Complaint. I am looking forward to working with you on this case. We are interested in resolving the above-referenced matter to avoid further expenditure of costs and fees. In this regard, we offer three options:

A. We would be willing to enter into a settlement agreement with the defendant agreeing to bring its website into compliance with the requirements of 28 C.F.R. Section 36.302(e)(1) as it pertains to the property identified in the Complaint. Defendant shall have 24 months to comply and must maintain the website in compliant condition. Plaintiff will agree to a notice/opportunity to cure period of 180 days and the plaintiff will release all claims or potential claims pertaining to both the subject website and physical aspects of the physical property identified in the Complaint. In exchange for these significant compromises, and for past, present and anticipated future costs, expenses and attorney time, Defendant will pay the sum of $10,000.00, plus $1000 in statutory damages to Ms. Laufer.

B. In the alternative, we would be willing to settle for $6,500.00, plus $1000 in statutory damages to Ms. Laufer. The defendant must agree to bring its website into compliance with the requirements of 28 C.F.R. Section 36.302(e)(1) within 12 months and maintain it in said condition. There will be no notice/opportunity to cure clause and the release will be limited to the subject website. Plaintiff will not release any claims or potential claims pertaining to the physical aspects of the subject property.

C. As a third alternative, we would be willing to let the court determine the amount of attorney fees, costs and litigation expenses. This would require that the parties enter into a consent decree, conditioned on the court approving and retaining jurisdiction to enforce, per our form. The defendant must agree to bring its website into compliance with the requirements of 28 C.F.R. Section 36.302(e)(1) within 12 months and maintain it in said condition. There will be no notice/opportunity to cure clause and the release will be limited to the subject website. Plaintiff will not release any claims or potential claims pertaining to the physical aspects of the subject property.

Please don't hesitate to call me anytime.

Sincerely,

Tristan


Tristan W. Gillespie, Esq.

THOMAS B. BACON, P.A.
5150 Cottage Farm Rd.
Johns Creek, GA 30022
Tel: 404.276.7277
gillespie.tristan@gmail.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Deborah Laufer,

                    Plaintiff,

           v.                                    20-CV-6213

Newark Hotels, Inc.,

                    Defendant(s).

ANSWER AND AFFIRMATIVE DEFENCE

ANSWER                                                    Page2

1. No Knowledge

2. No knowledge

3. Admit

4. Admit

5. No knowledge

6. Same as above

7. No knowledge

8. No knowledge i, ii, iii, iv, v.

9. No knowledge

10. Deny

11. Deny each subsection

12. No knowledge

13. No knowledge

14. Deny

15. Deny

16. Deny

17. Daeny

18. Deny

19. Deny

20. deny

21. Unknown

22.  Same replies                                    Page 3

23.  Unknown

24.  Unknown

25.  Unknown

26.  Deny

27. Deny

Affirmative Defense                     Page 4

Count I

1. Code of federal regulations Title 28, Judicial Administration Clause I . Department of Justice Part 36, non Discrimination By Public accommodations and In Commercial facilities

Section 36.302 modifications in policies, practices, or procedures.

(a) General A public accommodation shall make REASONABLE modifications in policies, practices or procedures, when the modifications are NECESSARY to afford goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, UNLESS the public accommodation can demonstrate that making the modifications would FUNDAMENTALLY alter the the nature of the goods, services, facilities, privileges, advantages or accommodations ( the high lights were added)

The Plaintiff's complaints and requested relief are not reasonable and will cause many similar situated individuals to not have the required room available.


The Defendant has found that rooms with a supply more limited than generic "King rooms" or "Doubles", when listed online, are reserved by people that do not need that type of room causing an unnecessary shortage. This result is the opposite of what is desired by the Plaintiff or similar situated people.

The plaintiff as described is able to send the Defendant an email or call the hotel to inquire about our accommodations. The defendant can then, by questions regarding the client's needs, determine if the room with the most accommodations for a person with disabilities is appropriate for the client preventing an unnecessary shortage.

If listed on the internet as demanded by the Plaintiff, Clients who only need a first floor room or a wide bathroom door will, unbeknownst to the defendant, reserve the room needed by the Plaintiff.

Page 5

This policy is in effect for other room types with a limited supply or amenities that

are in short supply.

Examples: pool side rooms, king rooms with a convertible couch, two room
Jacuzzi suite, pac n' play (crib), Roll away bed, adjoining rooms. None of these can
be reserved by a reservation service

All of the examples are reserved by emailing or calling the Defendant's hotel.

As noted by Plaintiff in 28 CFR Section 36.302(e)(1)

Reservations made by places of lodging ... by any means, INCLUDING TELEPHONE,
in person ...

i.  "... can make reservations for accessible guest rooms during the same hours
and in the same manner as individuals who do not need accessible rooms."

As noted above, there are numerous room types that are in limited supply for non
accessible rooms that require the client to telephone, email or visit the hotel in
person to reserve. Calls and emails are taken 24/7. There is no difference
between accessible and any other limited supply room class or amenity regarding
how the room is reserved.

ii. "Identify and describe features in the hotels and guest rooms offered through
its reservation system... "

 As with all limited supply rooms descriptions are only offered when there is a
conversation available, to assure the correct room for the correct client. This is
done for numerous room types and amenities, as listed above . There is no special
hindrance to a person needing an accessible room and the policy is to prevent the
accessible room from being tied up by a guest who does not need the room. All
limited supply rooms are treated the same.

iii. "Ensure that accessible guest rooms are held for individuals  with disabilities..."

Page 6

That is exactly why the rooms are not offered online or through third parties.

There is no way for the defendant to know if a person with applicable disabilities is renting the room. The regulation iii requires that the accessible room is not rented until a disabled client reserves it. To follow that rule we do not list the accessible room.

iv. " Reserve, upon request , accessible guest rooms..."

That is done when the request is phoned in or emailed

v. "Guarantee that the specific accessible guest room reserved through its reservation service is held for the reserving customer..."

This is done when reserved by phone email or in person to protect truly disabled individuals .

For the above reasons the relief requested by the Plaintiff is not necessary to afford the goods desired and in fact would cause unnecessary shortages in the limited supply of rooms for the disabled. This would be a detriment to our disabled clients .

All relief requested by Plaintiff should be denied with costs awarded to defendant.

AFFIRMATIVE DEFENSE

COUNT II

Count II is an attempt to begin a similar action based on NYSHRL

All of the arguments for COUNT I are reiterated for COUNT II.

There is no refusal to provide for disabled clients and as explained above  for COUNT I there is no bias as all limited supply rooms are reserved the same way for the protection of the clients that actually need those room types.

There is no violation NYSHRL                                    Page 7

All relief requested by Plaintiff should be denied with costs awarded to
Defendant.


 Respectfully submitted,

David Scheer President

Newark Hotels Inc.

DBA Newark garden Hotel

125 North Main Street

Newark, NY 14513

PH 315-331-9500